**Frank REYNOLDS, Petitioner– Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–1104.

United States Court of Appeals, Sixth Circuit.

May 12, 2003.

Before: MOORE and ROGERS, Circuit Judges; and HOOD, District Judge.*

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

This pro se federal prisoner appeals a district court judgment denying his motion filed under Fed.R.Civ.P. 59(e) to alter or amend a district court judgment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1982, Frank Reynolds was convicted for activities related to a marijuana distribution scheme involving tons of marijuana and millions of dollars. Reynolds arranged for individuals to transport the marijuana from Florida and elsewhere to Michigan. He was convicted of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848, convicted of conspiring to obstruct the Internal Revenue Service in violation of 18 U.S.C. § 371, and convicted of three counts of tax evasion in violation of 26 U.S.C. § 7201.

The district court sentenced Reynolds to ten years of imprisonment on the § 848 conviction and five years on each remaining count to be served concurrently. This court affirmed Reynolds's judgment of conviction and sentence. *United States v. Griffith,* 756 F.2d 1244 (6th Cir.1985). Reynolds, however, failed to report for service of his sentence and was not arrested until November 2, 1987, whereupon he began serving his ten-year sentence. On January 19, 1988, he pleaded guilty to failure to report for sentencing and received a four-year sentence to be served consecutively to the ten-year sentence.

On May 30, 1995, Reynolds was paroled. On January 5, 1996, he was arrested and charged with conspiracy to distribute marijuana. He pleaded guilty and was sentenced to five years of imprisonment. On May 12, 2000, Reynolds was released to supervised release from the conspiracy to distribute offense but immediately began serving a sentence for violating his parole on the 1982/1988 convictions. On December 1, 2000, Reynolds was again released on parole for the 1982/1988 convictions with a parole termination date of October 13, 2006.

In his motion to vacate sentence, Reynolds claimed that his 1982 conviction on the 21 U.S.C. § 848 offense must be vacated in light of *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) and *Murr v. United States,* 200 F.3d 895 (6th Cir.2000). The magistrate judge recommended denying Reynolds's motion on the ground that Reynolds was not in custody relative to the offense being attacked. The district court adopted the magistrate judge's report and recommendation over Reynolds's objections. Thereafter, Reynolds moved the district court pursuant to Rule 59(e) to alter or amend its judgment. The district court denied that motion, and Reynolds appeals.

The district court issued a certificate of appealability with respect to the following issues; 1) whether the district court erred in denying Reynolds's motion for the enlargement of time; 2) whether Reynolds was in custody at the time he filed his motion to vacate; and 3) whether the district court erred in denying Reynolds's Rule 59(e) motion to alter or amend judgment.

On appeal, the government concedes that Reynolds was "in custody" as of the date of the filing of his motion to vacate sentence, asserts that the remaining issues are moot, and suggests that the case be remanded to the district court for a hearing and decision on the merits.

In light of the government's unqualified concession that Reynolds was "in custody" as of the date of the filing of his motion to vacate sentence, the district court's judgment is hereby vacated pursuant to Rule

34(j)(2)(C), Rules of the Sixth Circuit, and the case remanded for a determination on the merits of the § 2255 motion.